JOHN T. GORMAN
Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Defendant
BRIAN WILLIAM ELM



FILED
DISTRICT COURT OF GUAM
AUG 23 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 05-00021 |
| ) | |
| Plaintiff, ) | SENTENCING MEMORANDUM; |
| ) | RESPONSE TO DRAFT PRESENTENCE |
| vs. ) | REPORT; CERTIFICATE OF SERVICE |
| ) | |
| BRIAN WILLIAM ELM, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### SENTENCING MEMORANDUM

Defendant, BRIAN WILLIAM ELM, by and through counsel, John T. Gorman, Federal Public Defender, respectfully requests this Honorable Court adjust his sentence downward by 6 months to reflect the time he spent incarcerated in state prison for the same offense conduct as in this matter. Thus, Mr. Elm's requested sentence would be 24 months incarceration to be followed by a period of supervised release. The requested sentence takes into consideration all the statutory sentencing factors laid out in 18 U.S.C. § 3553(a), including the United States Sentencing Guidelines (U.S.S.G.), and will ensure Mr. Elm properly receives credit for his time incarcerated on state

**ORIGINAL**

charges for the same offense conduct. The proposed sentence is reasonable, and sufficient, but not greater than necessary and satisfies the mandates of 18 U.S.C. § 3553.

### MR. ELM'S SENTENCE SHOULD BE ADJUSTED DOWNWARD BY 6 MONTHS TO CREDIT THE 6 MONTHS HE SPENT INCARCERATED IN STATE PRISON ON THE SAME OFFENSE CONDUCT.

Sentencing courts must now consider all the factors set forth in 18 U.S.C. § 3553(a), and the formerly mandatory Sentencing Guidelines are now just one of the factors this Court must consider. U.S. v. Booker, 125 S.Ct. At 757, 764, 767, 768. This Court is required to "impose a sentence *sufficient*, but *not greater than necessary*, to comply with the four traditional "purposes" of punishment. 18 U.S.C. § 3553(a) (emphasis added).

Even under the previous mandatory regime of the Sentencing Guidelines, this Court could depart downward to credit a defendant for time spent in state custody for the same offense conduct. Section 5G1.3 of the Sentencing Guidelines authorizes a district court to depart downward to ensure a defendant properly receives credit for time spent in state custody for the same offense conduct. Section 5G1.3 ensures that defendants who are already serving a term of imprisonment are not doubly punished for the same conduct. This is the exact situation Mr. Elm is facing here.

The facts here are noted in the Draft Presentence Investigation Report (PSI) and are clear and undisputed. Mr. Elm "is serving six months confinement for the possession of an unregistered firearm in Superior Court of Guam Case No. CF 442-03. The instant cases arises from the same matter. The defendant began his incarceration on March 18, 2005, and he is scheduled to be released on August 31, 2005." PSI, Paragraph 88, page 21.

2

The recent Ninth Circuit decision in United States v. White, 354 F.3d 841, (2004), is instructive. Mr. White spent 10 months in state custody until his trial for attempted murder, which resulted in an acquittal. Mr. White was then prosecuted and pled guilty in federal court to one count of being a Felon in Possession of a Firearm. At his sentencing, the district court erroneously believed that only the Bureau of Prisons (BOP) could give White credit for his 10 months incarceration. The Ninth Circuit held that the sentencing guidelines allow for departures under circumstances such as White's and remanded the matter for resentencing. (See also, United States v. Gonzalez, 192 F.3d 350 (2nd Cir. 1999)(although federal court may not order that federal sentence begin when defendant was arrested by state for same conduct underlying federal offense, because BOP determines credit, federal judge may accomplish same end by departing downward in federal sentence).

Mr. Elm stands in the same position that White stood in. Mr. Elm seeks a downward adjustment to ensure he receives proper credit for his time served in state custody for the same offense conduct. This Court should depart downward to fairly account for the time Mr. Elm spent in state custody for the same offense conduct.

## CONCLUSION

Mr. Elm respectfully requests this Honorable Court adjust his sentence downward by 6 months to reflect the time he spent incarcerated in state prison for the same offense conduct as in this matter. Thus, Mr. Elm's requested sentence would be 24 months incarceration to be followed by a period of supervised release. This requested sentence would be reasonable, and would be sufficient, but not greater than necessary and satisfy the mandates of 18 U.S.C. § 3553. The proposed sentence would also reflect the seriousness of the offense, promote respect for the law,

provide just punishment, provide adequate deterrence and protect the public from any further crimes of the defendant.

### **RESPONSE TO DRAFT PRESENTENCE REPORT**

Mr. Elm accepts and adopts the factual findings of the Draft PSI.

DATED: Mongmong, Guam, August 23, 2005.

_____
JOHN T. GORMAN
Attorney for Defendant
BRIAN WILLIAM ELM

## CERTIFICATE OF SERVICE

I, RENATE A. DOEHL, hereby certify that a true and exact copy of the foregoing document was duly mailed and/or hand-delivered to the following on August 23, 2005:

RUSSELL C. STODDARD
First Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

Attorney for Plaintiff
UNITED STATES OF AMERICA


MARIA CRUZ
U.S. Probation Officer
U.S. Probation Office
Districts of Guam and NMI
2nd Floor, U.S. District Court

DATED: Mongmong, Guam, August 23, 2005.

_____
RENATE A. DOEHL
Operations Administrator

JOHN T. GORMAN
Attorney for Defendant
BRIAN WILLIAM ELM